# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KELLY JO SPENCER,

      Plaintiff,

v.                                                            Case No. 6:22-cv-19-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

      Defendant.
_____

# OPINION AND ORDER[1]

## I. Status

Kelly Jo Spencer ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a lumbar disc fusion at L4-L5, loss of concentration and memory, anxiety, right shoulder and arm injuries, a right knee injury, arthritis, a neck injury, high blood pressure, and menopause. Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed April 4, 2022, at 58, 76, 238. Plaintiff protectively filed an application for DIB on May

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed April 4, 2022; Reference Order (Doc. No. 23), signed May 13, 2022 and entered May 16, 2022.

1, 2019, alleging a disability onset date of November 22, 2016.[2] Tr. at 194-97; see also Tr. at 210-12. The application was denied initially, Tr. at 57-70, 71, 72, 74, 95-97, 99-101, and upon reconsideration, Tr. at 75-85, 86, 87, 89, 103-12, 114-22.

On March 9, 2021, an Administrative Law Judge ("ALJ") held a hearing,[3] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 32-56 (hearing transcript); see also Tr. at 186-88 (appointment of representative forms). On April 12, 2021, the ALJ issued a Decision finding Plaintiff not disabled through December 31, 2020, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 11-20.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 5-6 (Appeals Council exhibit list and order), 191-93 (request for review), 312-29 (brief). On November 1, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 5, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[2] Although actually completed on May 3, 2019, see Tr. at 194, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 1, 2019, see, e.g., Tr. at 57, 76.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 34-35, 165-75, 185.

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) "[t]he ALJ omitted and/or mischaracterized portions of both the medical and non-medical evidence, leading to an inaccurate and incomplete analysis of Plaintiff's claim"; 2) "[t]he ALJ erroneously and without justification or cause, disregarded Plaintiff's credibility"; 3) "the ALJ failed to consider the combined effect of Plaintiff's impairments"; and 4) "the ALJ failed to properly evaluate and determine Plaintiff's residual functional capacity" ("RFC"). Plaintiff's Memorandum of Law in Support of Claims (Doc. No. 30; "Pl.'s Mem."), filed July 19, 2022, at 2, 9, 14, 18 (emphasis and some capitalization omitted). On October 13, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 34; "Defendant's Memorandum" or "Def.'s Mem.") responding to Plaintiff's arguments.[4]

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the medical evidence, particularly the evidence on Plaintiff's back and neck

---

[4] In the governing Scheduling Order (Doc. No. 22), entered April 25, 2022, Plaintiff was given the optional opportunity to file a reply brief within two weeks of the filing of Defendant's Memorandum. Plaintiff has not done so; the matter is ripe for disposition.

impairments and pain. On remand, an evaluation of this evidence will likely impact the Administration's consideration of the other matters Plaintiff raises as issues. For this reason, the Court need not address Plaintiff's arguments in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-19. At step one, the ALJ determined Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2018 through her [DLI] of December 31, 2020." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the [DLI, Plaintiff] had the following severe impairments: a back disorder status post lumbar spine fusion, degenerative disc disease of the cervical spine, headaches, vasomotor symptoms secondary to menopause and an anxiety disorder." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the [DLI, Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that through the DLI, Plaintiff had the following RFC:

> [Plaintiff could] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [Plaintiff] can lift, carry, push and/or pull twenty (20) pounds occasionally and

> ten (10) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. She could occasionally climb stairs, stoop, kneel, crouch and crawl, but should never climb ladders, or scaffolds. Handling and reaching overhead is limited to no more than frequently. She must avoid exposure to vibration, unprotected heights and hazardous machinery. This individual can handle exposure to a noise level intensity no[t] above the "moderate" level as defined in the Selected Characteristics of Occupations (SCO). "Moderate" is defined in the SCO as the noise intensity level in an business office where typing is done, department store, grocery store, light traffic and fast food restaurant at off-hours. She could perform tasks that are simple and that can be learned in 30 days or less.

Tr. at 15 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that "[t]hrough the [DLI, Plaintiff] was unable to perform any past relevant work" as an "Accountant" and a "Controller." Tr. at 18 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("53 years old . . . on the [DLI]"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found through the DLI that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 18-19 (emphasis and citation omitted), such as "Mail sorter," "Office helper," and "Information clerk," Tr. at 19. The ALJ concluded Plaintiff "was not under a disability . . . at any time from December 31, 2018, the alleged

onset date, through December 31, 2020, the [DLI]." Tr. at 20 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ "omitted and/or mischaracterized portions of both the medical and non-medical evidence," which, according to Plaintiff, "le[d] to an inaccurate and incomplete analysis of Plaintiff's claim." Pl.'s Mem. at 2; see id. at 2-9. Embedded in Plaintiff's argument is a claim that "the ALJ failed to entirely consider the records and opinions of not only one treating physician, but several specialists that treated Plaintiff over a period of years, and/or failed to properly document the reasons for failing to do so." Id. at 5. Plaintiff also contends the ALJ "failed to acknowledge or evaluate Plaintiff's medication regimen, despite the record detailing the significance of such a regimen and the sheer amount of medication that Plaintiff was prescribed to medically manage her conditions." Id. at 7.

Responding, Defendant argues that "Plaintiff only generally cites to large swaths of treatment records that she alleges contain medical opinions, but she does not identify specifically where the opinions are located or explain what they say." Def.'s Mem. at 6 (citation omitted). Defendant also argues Plaintiff has not shown that any error in failing to evaluate medical opinions was "harmful," i.e., that "it conflicted with the ALJ's finding of her RFC." Id.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [6] "[S]ection 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

---

[6] Plaintiff filed her DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

Here, the ALJ in evaluating the opinion evidence of record did not refer to or discuss any medical opinions from treating sources. See Tr. at 18. Rather, the ALJ solely evaluated opinions from non-examining physicians who

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

- 10 -

reviewed the file at the initial and reconsideration levels of the administrative process. Tr. at 18 (referring to opinions of "Initial consultant Jolita Burns MD" and "Reconsideration consultant Phillip Matar MD," located in the administrative transcript at pages 65-69 and 80-85, respectively).

Without deciding whether the treating physician evidence contains opinions that qualify as "medical opinions" under the revised Regulations, the undersigned finds that ALJ's failure to meaningfully address the evidence frustrates judicial review such that remand is necessary.

For instance, in evidently rejecting Plaintiff's characterization of her back pain, the ALJ relied on one December 29, 2017 note in which Plaintiff was quoted saying, "I don't have any pain right now." Tr. at 16 (quoting Tr. at 455). Further, in addressing Plaintiff's alleged neck pain, the ALJ relied only on findings from an unspecified MRI. Tr. at 17.

With respect to both the back and neck pain allegations, the Decision does not contain any discussion of or citation to post-surgical evidence and notes of A. Zaman M.D. (Exhibit 4F) that often document neck and back pain/tenderness/stiffness despite an operation that was deemed successful. Tr. at 363-432. With respect to the back pain, a note dated December 19, 2017— just ten days before the evidence upon which the ALJ relies to reject Plaintiff's assertions—documents, "She continues with achy sensation in her lumbar area but with more pain in her cervical spine[.] [S]he has been waiting for her[]

- 11 -

surgeon to evaluate her and give her an idea about when she could get her surgery on her C-spine." Tr. at 373. Later, on January 4, 2018, it was documented that Plaintiff had "same complaints of back pain" and "notice[d] it to get better at some time and then get[] bad especially with the cold season and the rain." Tr. at 378. Still later, June 4, 2018, Dr. Zaman noted Plaintiff "continue[d] to have pain in . . .both hips [and] she has had pain in her back in her lumbar area and her cervical spine for the longest time"; Plaintiff "has done much better [since her surgery] but she still has problems with her neck"; and Plaintiff needed to follow up with the surgeon regarding the "C-spine radiculitis." Tr. at 385.

Nor did the ALJ cite to or discuss in the Decision the treatment records of Jason Tse, D.O., dated 2019-2020, see Tr. at 16-18, that document pain and associated symptoms, medications taken to relieve the pain, and their potential side effects, see Tr. at 498-551.

The ALJ did discuss the eventual October 30, 2020 neurosurgical consultation Plaintiff received from Hermes Garcia, M.D, although not referring to Dr. Garcia by name.[8] See Tr. at 17; see Tr. at 686-92 (Dr. Garcia's consult notes). Again, though, this evidence was only discussed in the context of bolstering the ALJ's finding that Plaintiff's back and neck pain allegations

---

[8] The ALJ referred to "a neurosurgical consultation on October 30, 2020" and cited Exhibit 15F, Tr. at 17, which contains Dr. Garcia's consult notes, Tr. at 686-92.

are contradicted by Plaintiff's one December 2017 statement that she was not experiencing any pain. See Tr. at 17. Further, in using the October 2020 neurosurgical consultation to contradict Plaintiff's prior statement, the ALJ mischaracterized the evidence. According to the ALJ, Plaintiff "reported that she experienced no improvement with her back pain and associated right lower extremity following her 2017 lumbar fusion surgery," Tr. at 17, but in reality, the note documents, "Her right lower extremity pain did improve[,] however she persisted with low back pain requiring physical therapy." Tr. at 686 (emphasis added). The note goes on to state, "Of the lately she has had worsening back pain with associated stiffness and now pain is going down the left leg." Tr. at 686.

After this consultation, Plaintiff continued to receive interventions in the form of injections and medications. Tr. at 716-727.  The ALJ's only reference to this evidence in the Decision was a statement that the evidence was considered and a general finding that it "tend[s] to repeat the same conclusions found in other evidence." Tr. at 17.

In sum, the undersigned's review of the ALJ's Decision is frustrated given the lack of meaningful discussion or evaluation of the medical evidence summarized above. The matter is due to be remanded for the ALJ to reconsider the evidence and address it in such a way that the Court can be satisfied it was adequately considered.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Ensure adequate consideration of and discussion of the medical evidence, particularly as it relates to Plaintiff's allegations of back and neck impairments and pain;

(B)   If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C)   Take such other action as may be necessary to resolve this claim properly.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 18, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record