UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELLY JO SPENCER,

    Plaintiff,

v.                 Case No. 6:22-cv-19-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

    Defendant.
_____/

**O R D E R**

  This cause is before the Court on Plaintiff's "Unopposed" Motion for Entitlement to Attorney's Fees Against Defendant and Memorandum in Support Thereof (Doc. No. 37; "Motion"), filed February 3, 2023. Despite the characterization of the Motion as "Unopposed," Defendant responded in opposition on February 7, 2023. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Entitlement to Attorney Fees (Doc. No. 38; "Response").

  The Motion seeks for the Court to rule on Plaintiff's entitlement to fees only; not on the amount of the requested fees. The Court's Standing Order governing these cases, however, "suspends application of Local Rule 7.01 for actions covered by this order" and indicates, "A motion for fees or a motion for fees and costs <u>must be filed as a single motion requesting a determination of both entitlement and amount</u>." Standing Order (Doc. No. 43), Case No. 3:21-mc-43-TJC, as modified by Order Sunsetting Standing Order (Doc. No. 75) only as

to cases filed after December 1, 2022. Defendant's Response points this out, as well as representing that Plaintiff's counsel did not await Defendant's position on the Motion before filing it (a fact Plaintiff's counsel does not contest, see Motion at 7). Response at 1. Defendant also represents that when Plaintiff's counsel was asked to file an amended motion indicating it is in fact opposed, counsel refused to do so. Id.

If Defendant's representations are accurate, Plaintiff's counsel's actions are troubling. Marking a motion as "Unopposed" when counsel does not in fact know whether the other side opposes the relief requested is not acceptable. Nor is refusing to amend the Motion or refusing to notify the Court when a filing contains inaccurate information. Future filings are expected to be accurate and to be corrected immediately if they contain oversights or inaccurate information.

Regardless, the Motion is due to be denied without prejudice. As the Response correctly indicates, the entitlement issue and the amount issue are to be combined into one filing. See Standing Order (Doc. No. 43), Case No. 3:21-mc-43-TJC, as modified by Order Sunsetting Standing Order (Doc. No. 75) only as to cases filed after December 1, 2022. Accordingly, it is

**ORDERED:**

1. Plaintiff's "Unopposed" Motion for Entitlement to Attorney's Fees Against Defendant and Memorandum in Support Thereof (Doc. No. 37) is **DENIED without prejudice**.

2

2.     No later than **May 8, 2023**, Plaintiff's counsel shall file a single motion requesting a determination of both entitlement and amount of EAJA fees. Before filing the Motion, counsel must confer in good faith with Defendant's counsel as to the requested relief. The Local Rule 3.01(g) certification and the title of the Motion must contain an accurate representation of Defendant's position.

**DONE AND ORDERED** in Jacksonville, Florida on April 26, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

3